UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

MEREDITH BAKER,

    Debtor.

Case No. 7-12-12677 TA

WAYNE BAKER,

    Plaintiff,

v.    Adv. No. 12-1302 T

MEREDITH BAKER,

    Defendant.

## **MEMORANDUM OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on the parties' cross motions for summary judgment. For the reasons set forth below, the Court will grant Plaintiff's motion and deny Defendant's.

### I.    FACTS

The Court finds that the following facts are not in material dispute:

1.    The parties were married on October 14, 2006 in the State of New York.

2.    They are the parents of a minor child, Bryce Baker, born on May 2, 2007 in New York.

3.    The parties were divorced in the State of New Mexico on December 30, 2008.

4.    Matters relating to the custody, support, property division, etc. were litigated in a case in the Second Judicial District Court, State of New Mexico, captioned *Meredith Baker v. Wayne Baker*, No. DM 2008-3067 (the "Divorce Proceeding").

5. On January 3, 2011, the court presiding over the Divorce Proceeding entered an Order Adopting Guardian Ad Litem Recommendations (the "State Court Order"). The parties had stipulated to entry of the State Court Order.

6. Paragraph 3 of the State Court Order provides:

> As a compromise of all claims for attorney's fees, Petitioner shall pay to Respondent the sum of Ten Thousand Dollars ($10,000) in attorney's fees as follows:
>
> Petitioner shall make payments of Two Thousand Dollars ($2,000) each year beginning 2011 into the 529 account established for Bryce until the balance is paid in full. Respondent shall give Petitioner the necessary information to access the 529 account.

(the "Compromise Attorney Fee Obligation").

7. On November 22, 2011, Defendant filed in the Divorce Proceeding a motion to defer payments for one year. The state court denied the motion by a minute order entered May 14, 2012 (the "Minute Order") and ordered Defendant to pay the first installment within 60 days.

8. At the May 14, 2012 hearing, Plaintiff acknowledged receipt of $175 from Defendant. The state court therefore included a credit of that amount in the Minute Order.

9. Defendant did not make the payment as ordered. Instead, she filed this chapter 7 case on July 17, 2012.

10. Plaintiff is listed on Defendant's schedules as having a general unsecured claim of $10,000.

11. Plaintiff commenced this adversary proceeding on October 19, 2012 by filing a Complaint to Determine Non-Dischargeability of Debt.

12. On October 26, 2012, the Court entered an Order Discharging Debtor, which states "The debtor is granted a discharge under section 727 of title 11, United States Code (the Bankruptcy Code)."

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.[1] "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). *See also Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir.1993) ("[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof"); *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific

---

[1] Fed.R.Civ.P. 56 applies in adversary proceedings. *See* Bankruptcy Rule 7056.

facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus,* 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *See Anderson,* 477 U.S. at 251; *Vitkus,* 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

### III. DISCUSSION

#### A. Relevant Law.

Plaintiff argues that the Compromise Attorney Fee Obligation is nondischargeable pursuant to 11 U.S.C. § 523(a)(15), and therefore was not discharged when the Discharge Order was entered. 11 U.S.C. § 523(a) provides in pertinent part:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.
-4-

11 U.S.C. § 523(a)(15).[2]

Whether a particular debt is dischargeable is a question of federal law. *In re Sampson,* 997 F.2d 717 (10th Cir. 1993), citing *Sylvester v. Sylvester,* 865 F.2d 1164, 1166 (10th Cir. 1989) (addressing the 1993 version of § 523(a)(5)). *See also In re Rodriguez,* 465 B.R. 882 (Bankr. D.N.M. 2012) (whether a debt is in the nature of support is a question of federal bankruptcy law, not state law); *In re Taylor,* 455 B.R. 799, 804 (Bankr. D.N.M. 2011), *affirmed*, 478 B.R. 419 (10th Cir. BAP 2012) (same, citing *Loper v. Loper (In re Loper,* 329 B.R. 704, 708 (10th Cir. BAP 2005)). Nevertheless, an analysis of applicable nonbankruptcy law may be necessary to determine whether the debt at issue comes within the qualifying language of § 523(a)(15). *In re Brown*, 2012 WL 10191, at *3 (Bankr. D. Mass. 2012).

Exceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523. *In re Taylor,* 478 B.R. 419, 427 (10th Cir. BAP 2012); *Prensky v. Clair Greifer LLP,* 2010 WL 2674039, at *3 (D.N.J. 2010). *See generally In re Crosswhite*, 148 F.3d

---

[2] Defendant cited an earlier version of § 523(a)(15), which was in force prior to the 2005 amendments to the Bankruptcy Code. The current version is set out above. The prior version stated:
> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
>   (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>   (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former, spouse, or child of the debtor.

Defendant's Motion for Summary Judgment, doc. 11 ("Defendant's Motion") relies entirely upon the obsolete version of § 523(a)(15), and in particular on one or both of the financial hardship exceptions (A) and (B) above. Because those exceptions no longer exist, Defendant's Motion will be summarily denied.

-5-

879, 881-82 (7th Cir. 1998) (Section 523(a)(5) is construed more liberally that other exceptions); *In re Bearden*, 330 B.R. 214, 222 (Bankr. N.D. Ill. 2005) (same). In determining whether a debt falls within § 523(a)(15), what matters is the nature of the debt and whether it was incurred in the course of a divorce or separation. *In re Wodark,* 425 B.R. 834, 837 (10th Cir. BAP 2010). One of Congress's overarching themes in enacting the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) was to redefine and reinforce the ability of a non-debtor former spouse to recover property settlement obligations from debtors. *Wodark*, 425 B.R. at 838.

Since the enactment of BAPCPA, the ability of the debtor to pay is no longer relevant. *In re Taylor*, 478 B.R. at 428; *In re Loomas*, 2013 WL 74477 (Bankr. D. Colo. 2013); *Tarone v. Tarone (In re Tarone)*, 434 B.R. 41, 48 (Bankr. E.D.N.Y. 2010) (debts incurred in the course of divorce proceedings are nondischargeable, notwithstanding the debtor's ability to pay or the relative benefits and detriments to the parties).

Attorney fees awarded to a non-debtor spouse by matrimonial court order are nondischargeable under § 523(a)(15). *In re Monastra,* 2010 WL 3937354, at *3 (Bankr. E.D. Pa. 2010), citing *In re Tarone*, 434 B.R. at 49; *In re Schenkein*, 2010 WL 3219464, at *5 (Bankr. S.D.N.Y. 2010); *Gilman v. Golio (In re Golio)*, 393 B.R. 56, 63 (Bankr. E.D.N.Y. 2008); *In re Klem*, 362 B.R. 585 (Bankr. W.D.N.Y. 2007); *In re Lilly*, 2012 WL 603771, at *4 (9th Cir. BAP 2012).

    B.    <u>The Compromise Attorney Fee Obligation Falls Within § 523(a)(15)</u>

The Court finds that the Compromise Attorney Fee Obligation easily comes within the ambit of § 523(a)(15). The obligation is owed to Plaintiff, a former spouse. It is not a support

-6-

Case 12-01302-t    Doc 17    Filed 06/11/13    Entered 06/11/13 13:41:48 Page 6 of 10

obligation, so does not come within § 523(a)(5).³ It was incurred by Defendant in the course of a divorce or in connection with a divorce decree or other order of a court of record. Thus, all requirements of § 523(a)(15) have been met.

      C.      <u>The Debt is Owed to Plaintiff</u>.

Defendant argues that the Compromise Attorney Fee Obligation is not owed to Plaintiff. Defendant's Response to Motion for Summary Judgment, filed June 4, 2013, doc. 16 ("Defendant's Response"), p. 3. This argument fails. The language of the State Court Order is clear. The intent of the parties (who stipulated to entry of the State Court Order) and the Court was that the Compromise Attorney Fee Obligation would be an obligation of Defendant to Plaintiff. The State Court Order states "Petitioner shall pay to Respondent the sum of Ten Thousand Dollars ($10,000.00) in attorney's fees . . . ." The fact that Plaintiff agreed to put the money into a 529 savings account for the benefit of Bryce Baker is not relevant to the identity of the obligee.⁴

In any event, it does not matter whether the debt is owed to Defendant or to the son—it is a nondischargeable obligation regardless. Section 523(a)(15) encompasses obligations to either a former spouse or a child. Since the State Court Order says that Defendant shall pay the debt "to Respondent [Plaintiff]," Plaintiff clearly has standing to request entry of a judgment from this

---

³ In individual chapter 7 cases, the distinction between a § 523(a)(5) debt and a § 523(a)(15) debt does not make much difference after BAPCPA. *See e.g. In re Lilly*, 2012 WL 603771, at *3 ("in individual cases under chapter 7 *any* debts incurred in the course of a divorce or in connection with a divorce decree that are not in the nature of support under § 523(a)(5) are still nondischargeable under § 523(a)(15)"); *In re Monastra,* 2010 WL 3937354, at *3 (in an individual chapter 7, it was irrelevant whether debts at issue, which were incurred by the debtor in the course of divorce proceedings, were domestic support obligations, because if not they would be nondischargeable under § 523(a)(15)).
⁴ It could well be that Plaintiff is the owner of the 529 account. *See generally* 26 U.S.C. § 529.

-7-

Court concerning the dischargeability of the debt. The ruling on nondischargeability will not affect where the payments must be made, or who the beneficiary will be.

Finally, Defendant argues that the debt is owed to neither Plaintiff nor the son, so "may be characterized as a debt owing to a third party." Debtor's Response, p. 3. This weak argument must be overruled for several reasons. First, Defendant does not say who the third party might be, and no such party is named in the State Court Order or Minute Order. There is no such third party. Defendant argues for a nonsensical reading of the State Court Order, which is neither necessary nor reasonable.

Second, even if the debt were owed to a third party, it would still be nondischargeable. The trend in the case law is to hold that attorney fees payable directly to the attorney, when ordered as part of a divorce proceeding, are nondischargeable under either § 535(a)(5) or § 523(a)(15), even though the attorney is not the former spouse or a child of the debtor. *See In re Johnson,* 445 B.R. 50, 58 (Bankr. D. Mass. 2011); *Prensky v. Clair Greifer,* 2010 WL 2674039, at *9; *Tarone,* 434 B.R. at 49; *In re Andrews,* 434 B.R. 541, 547 (Bankr. W.D. Ark. 2010); *Aldrich v. Papi (In re Papi),* 427 B.R. 457, 462 (Bankr. N.D. Ill. 2010); *Howard v. Sullivan (In re Sullivan),* 423 B.R. 881 (Bankr. E.D. Mo. 2010); *Landau & Assocs. v. Fricke (In re Fricke),* 2010 WL 5475808 (Bankr. N.D. Ill. 2010).[5] Thus, even if the Compromise Attorney Fee Obligation were owed to some unnamed, unknown third party, the obligation would be

---

[5] The case cited by Defendant, *In re Thompson*, 2009 WL 3029644 (Bankr. D. Md. 2009), is distinguishable. *Thompson* dealt with a claim against a debtor that was assigned to a title company by the debtor's former spouse. The claim arose from court orders entered in connection with the divorce proceeding between the debtor and his former spouse. The title company brought an action against the debtor in state court and obtained a default judgment. The debtor then filed a chapter 7 bankruptcy case. The title company filed a nondischargeability action, asserting that a portion of the assigned claim was nondischargeable under § 523(a)(15). The court ruled that the title company lacked standing to assert the claim. 2009 WL 3029644, at *5. These facts are quite different from those in the cases cited above.

-8-

nondischargeable. And, since there is no identifiable third party to whom the debt is payable, the Court concludes the Plaintiff would have standing to obtain a ruling on nondischargeability, even under Defendant's remarkable reading of the State Court Order.

Third, Defendant is estopped to assert the argument. Defendant listed Plaintiff as a creditor, to whom she owed a debt of $10,000. That debt can only be the Compromise Attorney Fee Obligation. Furthermore, in paragraph 6 of the Complaint, Plaintiff alleged that he "is a creditor of Defendant and was listed on Defendant's Schedule F in the amount of $10,000, and was noticed accordingly." Defendant admitted the allegation in her answer.[6] In addition, paragraph 17 of Defendant's answer contains the following: "Defendant affirmatively states that the debt to Plaintiff was for attorneys' fees. . . ."

Finally, Defendant's argument is based on a misreading of the State Court Order and the Minute Order. The only fair way to read the orders is that the Compromise Attorney Fee Obligation is owed by Defendant to Plaintiff. The transcript of the May 14, 2014 hearing reinforces this conclusion. The court said:

> Even if she [Defendant] did, she entered into a contract, a stipulated order is a contract. Just because somebody else claims a debt against you or you lose your job or you change a job—when you buy a car, that doesn't allow you to get out of the contract. This is a contract. So petitioner – and also on the 529 account, petitioner shall pay respondent by making payments to the 529 account.

Transcript, Exhibit A to Defendant's Motion, p. 29. The parties and the state court have always considered that Defendant's obligation to pay the Compromise Attorney Fee Obligation is owed to Plaintiff.

---

[6] A similar allegation and response are in Plaintiff's summary judgment motion and Defendant's Response.

-9-

Case 12-01302-t    Doc 17    Filed 06/11/13    Entered 06/11/13 13:41:48 Page 9 of 10

## IV. CONCLUSION

The $9,825 owed by Defendant under the State Court Order and Minute Order is nondischargeable pursuant to 11 U.S.C. § 523(a)(15). The debt must be paid as set forth in the State Court Order, as amended by the Minute Order. The Court will grant Plaintiff's motion for summary judgment and deny Defendant's Motion. A separate judgment will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Date entered on docket: June 10, 2013.

Copies to:

Wayne Baker
7708 Sandlewood Drive, NW
Albuquerque, NM 87120

Rudy B. Chavez
2014 Central Ave., SW
Albuquerque, NM 87104